106 F.3d 442
 323 U.S.App.D.C. 173
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
Sidney J. BROWN, et al., Appellants,
v.
RESOLUTION TRUST CORPORATION, Appellee.
 No. 96-5075.
 United States Court of Appeals, District of Columbia Circuit.
 Jan. 02, 1997.
Rehearing Denied March 4, 1997.
 
 Before SILBERMAN and HENDERSON, Circuit Judges, and BUCKLEY, Senior Circuit Judge.
 
 JUDGMENT
 
 1
 This case was heard on the record from the United States District Court for the District of Columbia and on the briefs and arguments by counsel. The court has accorded the arguments full consideration and has determined the issues presented occasion no need for a published opinion. See D.C.Cir.Rule 36(b). For the reasons set out in the accompanying memorandum, it is
 
 
 2
 ORDERED that the judgment of the district court be affirmed.
 
 
 3
 The clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 41(a)(1).
 
 MEMORANDUM
 
 4
 The appellants, general partners in Nattchase Associates Limited Partnership (Nattchase), appeal the district court's dismissal of their complaint against the Resolution Trust Corporation (RTC). In June 1988, Nattchase financed the purchase of two parcels of real property in Loudon County, Virginia with a $36 million loan from the San Jacinto Savings Association (San Jacinto), secured by a nonrecourse promissory note and a deed of trust on the properties. Nattchase defaulted on the loan in 1989. RTC was appointed receiver for San Jacinto in December 1990 under the Financial Institutions Reform, Recovery and Enforcement Act (FIRREA). In March 1993 RTC put the note up for sale at auction, "packaged" with other non-performing loans, but excluded from the bidding borrowers such as Nattchase that were in default on the loans. RTC subsequently sold the package to CMF Loudon, L.P. (CMF), the winning bidder. When CMF attempted to foreclose on the deed of trust the appellants filed an action in the Eastern District of Virginia against RTC, San Jacinto and its affiliates and CMF and its principals. The complaint alleged, inter alia, that RTC had wrongfully deprived the partnership of the opportunity to bid on its note and sought declaratory relief, rescission of the sale and damages therefor.
 
 
 5
 The district court dismissed all of the plaintiff's claims with prejudice. On appeal the Fourth Circuit modified the district court's ruling to reflect dismissal without prejudice of most of the claims against RTC, pending exhaustion of administrative remedies under 12 U.S.C. § 1821(d)(6)(A) and 1821(d)(13)(D)(ii). The court affirmed with prejudice, however, dismissal of the general partners' claim for "requested injunctive relief, rescission of the contract of sale between RTC and CMF for the note," concluding such relief was "barred by 12 U.S.C.A. § 1821(j)."[1] Brown v. RTC, No. 93-2597, slip op. at 8-9 (4th Cir. July 25, 1994).
 
 
 6
 After unsuccessfully pursuing its administrative remedies, Nattchase filed this action, alleging that in excluding Nattchase from the bidding RTC (1) exceeded its statutory authority under 12 U.S.C. § 1441A(F)(1)(A), (2)[2] took the partnership's real property without compensation in violation of the fifth amendment[3] and (3) acted "wrongfully, unreasonably, arbitrarily, capriciously, erroneously and in bad faith." Joint Appendix (JA) 10. The district court below dismissed all three counts on various grounds. We affirm the dismissal because the appellants lack standing under Article III of the United States Constitution to pursue this action.
 
 
 7
 " '[T]he irreducible constitutional minimum of standing contains three elements,' commonly referred to as (1) injury-in-fact, (2) causation (or traceability), and (3) redressability." Bristol-Myers Squibb Co. v. Shalala, 91 F.3d 1493, 1497 (D.C.Cir.1996) (quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992)). Assuming without deciding that the appellants could otherwise prevail on a claim of wrongful exclusion from bidding,[4] we conclude that they lack standing because they cannot obtain redress in this action for any injury caused by RTC's actions.
 
 
 8
 First, the appellants are foreclosed from securing the equitable relief they seek under the doctrine of res judicata. Their complaint below sought a "declaratory" judgment that "the sale of the notes to CMF was illegal, null and void." This is the same claim for relief that the Fourth Circuit held was unavailable to them in the suit filed in the Eastern District of Virginia. See Brown v. RTC, No. 93-2597, slip op. at 8-9 (4th Cir. July 25, 1994) (quoted supra, upholding dismissal with prejudice of claim for rescission).[5] Because the claim was "actually litigated and determined" in that suit the Fourth Circuit's affirmance of dismissal is res judicata and conclusive in this action. See Cooper v. Federal Reserve Bank of Richmond, 467 U.S. 867, 864 (1984). Accordingly, it does nothing to confer standing on the partners.
 
 
 9
 The partners' claim for money damages is likewise unavailing. Their complaint alleges RTC caused Nattchase "a loss of investment costs and opportunities of over $30,000." JA 8. To the extent the damages reflect the partnership's initial investment, they are attributable to that investment and the subsequent default--they were not caused by the allegedly wrongful exclusion from bidding[6] and therefore cannot confer standing to sue RTC. See Humane Society of the United States v. Babbitt, 46 F.3d 93, 100 (D.C. Circuit 1995) (finding no standing if "challenged action cannot ... be said to have 'caused' the injury complained of," which would have occurred in absence of action, foreclosing "possibility that the injury suffered ... could be redressed by a favorable decision"). Alternatively, insofar as the complaint seeks to recover profits the partnership might have realized had it successfully bid on, purchased and developed the property, the injury alleged is simply too speculative. See United Transp. Union v. ICC, 891 F.2d 908, 912 (D.C.Cir.1989) ("[I]f courts were obligated to credit complainants' predictions of future events or injuries, both the "redressability" prong and, in cases alleging prospective injury, the "fairly traceable" prong of the standing inquiry--which are, at bottom, predictions of cause and effect--would be reduced to mere pleading requirements.").
 
 
 
 [1]
 Section 1821(j) provides: "Except as provided in this section, no court may take any action, except at the request of the Board of Directors by regulation or order, to restrain or affect the exercise of powers or functions of the Corporation as a conservator or a receiver."
 
 
 [2]
 This subsection provides:
 (A) The Corporation shall prescribe regulations to prohibit the sale of assets of a failed institution by the Corporation to any person who--
 (A)(i) has defaulted, or was a member of a partnership or an officer or director of a corporation which has defaulted, on 1 or more obligations the aggregate amount of which exceed $1,000,000 to such failed institution;
 (ii) has been found to have engaged in fraudulent activity in connection with any obligation referred to in clause (i); and
 (iii) proposes to purchase any such asset in whole or in part through the use of the proceeds of a loan or advance of credit from the Corporation or from any institution subject to the jurisdiction of the Corporation pursuant to paragraph (3)(A);
 12 U.S.C. § 1441a(f)(1)(A).
 
 
 [3]
 The appellants have apparently abandoned their fifth amendment argument on appeal
 
 
 [4]
 It is likely, as the district court concluded, the appellants lack a private right action under FIRREA against RTC. See Cort v. Ash, 422 U.S. 66 (1975)
 
 
 [5]
 The claim as set out in the complaint there sought a "[j]udgment declaring the bid process utilized and applied by the Resolution Trust Corporation, pursuant to which [defendant purchasers] purportedly acquired an interest in the financial assets offered for sale by the Resolution Trust Corporation to be void, unenforceable, and rescinded." Complaint at 25 (Brown v. RTC, C.A. No. 93-1450-A (E.D.Va.)) (filed Nov. 19, 1993)
 
 
 [6]
 At oral argument the partners' counsel suggested that the partnership incurred "out of pocket expenses in attempting to prepare a package to submit for bids" but no such injury was alleged in the complaint or even mentioned in the briefs